190 Ill. App.3d 186 (1989)
547 N.E.2d 4
THOMAS A. HICKEY, Trustee, Plaintiff-Appellee,
v.
UNION NATIONAL BANK & TRUST COMPANY OF JOLIET, as Trustee, et al., Defendants (Robert J. Pruim et al., Appellants).  THOMAS A. HICKEY, Trustee, Plaintiff-Appellant,
v.
UNION NATIONAL BANK & TRUST COMPANY OF JOLIET, as Trustee, et al., Defendants (Robert J. Pruim et al., Appellees).
Nos. 3-88-0603, 3-88-0635 cons.
Illinois Appellate Court  Third District.
Opinion filed September 5, 1989.
Rehearing denied December 4, 1989.
*187 W. Robert Blair, of Chicago, and Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (George F. Mahoney III, of counsel), for Robert J. Pruim, Norine R. Pruim, Edward H. Pruim, and Bernetta Pruim.
John F. O'Meara and Cyriac D. Kappil, both of Chicago, for Thomas A. Hickey.
Orders affirmed.
*188 PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:
In February 1983, the defendant corporation, Will-Cook Waste, Inc. (hereinafter Will-Cook) executed a contract to purchase certain real estate in Joliet, Illinois. The real estate comprised just under five acres, and was valued at $330,000. In April of that same year a land trust was created naming Union National Bank of Joliet (hereinafter Union National Bank) as trustee and designating Will-Cook as sole beneficiary.
In April of 1984, Will-Cook received a $250,000 loan from Union National Bank. To secure the loan, Union National Bank gave its trust deed to Thomas Hickey, the bank's president. Mr. Henry Bechstein and Mr. Robert Pruim, Will-Cook's president and secretary, respectively, executed an installment note in the amount of $250,000, payable to the bank. Several individuals, including Robert Pruim, Norine Pruim, Edward Pruim, Bernetta Pruim, Henry Bechstein, Barbara Bechstein, Geraldine Foschi and Edward Foschi, guaranteed repayment of the note by signing a guarantee.
Will-Cook defaulted on repayment. In July 1985, Mr. Hickey filed a one-count complaint for foreclosure of the trust deed. The summons for Will-Cook was served at the home of Mr. Bechstein and received by his daughter, Kelly. Each of the guarantors received personal or substitute service.
A foreclosure judgment was issued by the trial court on December 19, 1985. Mr. Anthony Christafaro was assigned the judgment on December 27, 1985. The consideration for the assignment was $275,000.
A foreclosure sale was held the subsequent February, and Mr. Hickey purchased the realty for $199,007.40, after fees and expenses were accounted for.
The trial court approved the sale on March 18, 1986. The trial court order recited the fact that Mr. Christafaro was entitled to a deficiency judgment in the amount of $129,940.50. Pursuant to this order, Mr. Christafaro began citation proceedings against Mr. Robert Pruim, a guarantor on the note.
Thereafter, the filing of various motions by each party ensued. The trial court disposed of each motion, and certain orders thereon are now under review.
The principal holdings of the trial court can be summarized as follows: (1) No deficiency judgment was entered against the guarantors of the note secured by the trust deed being foreclosed. The lack of a separate second count in the complaint against the guarantors *189 thereby precluded the citation proceedings. (2) The trial court lacked jurisdiction over Will-Cook, the beneficiary of the land trust, due to invalid return of service by the sheriff. (3) The judgment of foreclosure was proper in spite of the failure to serve Will-Cook. Will-Cook, as trust beneficiary, was deemed not to be a necessary party to the action.
The Pruims appeal, contending that the foreclosure judgment is void because Will-Cook, in its status as beneficiary, was not served. Mr. Hickey filed a separate appeal, which we shall refer to as a cross-appeal, contending that the March 18, 1986, order should be amended to expressly name the Pruims, as guarantors, liable for a deficiency judgment. Further, he contends that Will-Cook was properly served when service was made upon Mr. Bechstein's daughter.

I
Initially we consider the Pruims' contention that the trial court erred in holding that the defendant, Will-Cook, was not a necessary party to the foreclosure proceeding. Mr. Pruim asserts that vacature of the judgment of foreclosure is warranted due to the fact that Will-Cook was not served.
 1 It is the general rule that all persons interested in the subject matter of a suit should be made parties thereto. There is an exception in the case of the foreclosure of a mortgage or trust deed. The rule enunciated in precedential case law does not confer joinder to land trust beneficiaries.
The beneficiary of a land trust is not a necessary party in a foreclosure proceeding, unless the trustee cannot fully protect his interests. The beneficiary may be a proper party if his rights and liabilities respecting management and control, use, or possession of the property are involved. Marathon Finance Co. v. Pioneer Bank & Trust Co. (1988), 168 Ill. App.3d 148, 522 N.E. 2d 248.
 2 The Pruims enumerate several specific points of conduct on the part of Union National Bank, which allegedly indicate that the bank, in its capacity as trustee, did not protect the rights of Will-Cook, as beneficiary. We note that, in litigation involving land trusts, the courts have determined the propriety of a proceeding by a beneficiary by examining the rights and duties established by the trust agreement. After reviewing the evidence of record in light of the trust agreement, we believe it would be in contravention of legal precedent to allow Will-Cook, after having chosen the advantage of the land trust form of ownership, to intervene in the foreclosure proceeding as if it held equitable and legal title.
*190 Summarily, we believe that the foreclosure proceeding was properly instituted, and there exist no grounds upon which to vacate it.

II
We now turn to the issues raised by Mr. Hickey in his cross-appeal, the first of which requires an examination of the propriety of the trial court's order declining to make an amendment to the order of March 18, 1986, to expressly name the Pruims liable for a deficiency judgment.
The trial court's order of March 18, 1986, approving the sheriff's sale, stated, "Anthony J. Christafaro is entitled to a deficiency judgment in the amount of $129,940.50, and the issuance of a deed." The order failed to name the individuals against whom the alleged deficiency judgment was entered.
The court subsequently ruled that the subject order did not constitute a judgment against the guarantors, because their names did not appear in the judgment. Mr. Hickey's motion to amend the subject order nunc pro tunc to expressly name the defendants was subsequently denied when the trial court determined that the single-count foreclosure complaint was not sufficient to warrant subject matter jurisdiction over the guarantors of the note.
The subject complaint filed by Mr. Hickey was a single-count statutory foreclosure complaint. It did not contain a separate count seeking a judgment on the guarantee.
Prior to the merger of actions based in equity with those in law, there existed a marked distinction between the power of a court of equity to decree mortgage foreclosures and its power to enter a personal deficiency judgment.
 3 Today, there remains a consistent rule that in a foreclosure suit a deficiency judgment cannot be entered against the guarantor of a note secured by a trust deed, without separately pleading for such relief. (Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc. (1972), 7 Ill. App.3d 106, 286 N.E.2d 520.) Of great import is the fact that a mortgage and accompanying promissory note constitute separate contracts. A legal remedy upon each instrument cannot be pursued in a single-count foreclosure action.
 4 Furthermore, a nunc pro tunc order is an entry made on a judgment previously rendered in order to make the record "speak now for what was actually done then." (In re Marriage of Hirsch (1985), 135 Ill. App.3d 945, 955, 482 N.E. 2d 625.) A nunc pro tunc order, however, may not be used to supply omitted judicial action, to correct judicial errors or to cure jurisdictional defects. (Gagliano v. *191 714 Sheridan Venture (1986), 144 Ill. App.3d 854, 494 N.E.2d 1182.) The trial court properly declined to alter its earlier order; relief in the form of an order nunc pro tunc would have been a legally impermissible remedy.
Mr. Hickey next contends that the trial court erred in its determination that service of process was defective against Will-Cook. Mr. Hickey asserts that statutory directives were complied with when service was made upon an agent of Will-Cook. The service in the instant case was made at the home of Will-Cook's president, Henry Bechstein. The summons was received by his daughter, Kelly. Mr. Hickey offered to the trial court an affidavit signed by Mr. Bechstein which stated that his daughter was authorized to accept service of process.
 5 The affidavit does not state that Kelly Bechstein was an agent, or employee, of Will-Cook. Under the applicable provision of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2-204), which governs the procedure for service on private corporations, the subject affidavit lacks sufficient legal evidence of an agency relationship between Kelly and Will-Cook. The burden is upon the plaintiff to prove the existence of an agency relationship. The proffered affidavit is conclusory in nature, and fails to meet the requisite burden of proof.
For all of the foregoing reasons, the orders of the circuit court of Will County, entered in this cause on January 5, 1988, March 4, 1988, April 14, 1988 and August 16, 1988, the same being the subject matter of this appeal, are hereby expressly affirmed.
Affirmed.
SCOTT and STOUDER, JJ., concur.