# Illinois Official Reports

## Appellate Court

***Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086**

| | |
|---|---|
| Appellate Court Caption | URBAN PARTNERSHIP BANK, Plaintiff-Appellee, v. CHICAGO TITLE LAND TRUST COMPANY, Defendant (Marcella Wuertenberger, Intervening Defendant-Appellant). |
| District & No. | First District, Third Division<br>Docket No. 1-16-2086 |
| Filed | September 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-8996; the Hon. Anna M. Loftus, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Eric Onyango, of Prime Legal LLC, of Chicago, for appellant.<br><br>Hal R. Morris, Konstantinos Armiros, and Elizabeth A. Thompson, of Arnstein & Lehr LLP, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE COBBS delivered the judgment of the court, with opinion.<br>Justices Howse and Lavin concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Marcella Wuertenberger, appeals the denial of her motion for leave to intervene in a mortgage foreclosure proceeding and to vacate orders that the trial court entered prior to confirming the judicial sale of the subject property. Defendant contends that the trial court's denial of her motion to intervene was in error because (1) her interests, as a beneficiary of the trust, were not fully protected by the trustee, Chicago Title Land Trust Company (CTLT), and (2) the trial court lacked subject matter jurisdiction.

¶ 2                                             BACKGROUND

¶ 3        The following recitation of the facts is taken from the pleadings and exhibits in the record and, to the extent supported by the record, the party's briefs. On August 26, 1993, appellant's parents, Martha and Wallace Burns, created a land trust agreement for property located at 4806 St. Charles Road, Bellwood, Illinois, 60104. In 2008, following Wallace's death, Martha, as sole beneficiary of the trust, amended the agreement to provide for the transferral of her rights upon her death to Paul J. Sidney, Steven D. Sidney, Marcella D. Wuertenberger, and Angela S. Brandon. Martha subsequently died on February 27, 2012.

¶ 4        The property secured a mortgage note held by plaintiff, Urban Partnership Bank (UPB). According to the complaint, the Burnses defaulted on the mortgage on or around November 30, 2014. Subsequently, on June 8, 2015, UPB filed a complaint to foreclose the mortgage on the property, naming as defendants CTLT, as trustee, Martha and Wallace Burns, unknown owners, and nonrecord claimants. Notice of the foreclosure proceeding was posted in the Chicago Daily Law Bulletin on June 24, and July 1 and 8, 2015. On March 10, 2016, plaintiff filed a motion, seeking a default judgment against the defendants. In support of its motion, plaintiff alleged that more than 30 days had passed since defendants were served and that the defendants had failed to appear, answer, or otherwise respond to the complaint. On that same day, plaintiff filed motions, seeking dismissal of Martha and Wallace Burns as defendants, a judgment of foreclosure, and an order appointing a judicial sales officer. On April 20, 2016, the court granted plaintiff's motions.

¶ 5        Notice of the judicial sale of the property was posted on April 26, 2016; the property was sold on May 26, 2016; and the court confirmed the sale on June 21, 2016. On June 23, 2016, appellant filed an "Emergency Motion for Leave to Intervene and Stay Possession and Judicial Sale." In her motion, appellant argued that CTLT could not fully protect her interests and she would be irreparably harmed and prejudiced if her motion was not granted. On that same day, appellant also filed a "Motion to Vacate the April 20, 2016 Orders and Stay or Strike the June 21, 2016 Orders." In her motion, appellant argued that, due to plaintiff's failure to name her in the complaint as a necessary party, she was unable to defend her interests. Further, appellant argued that because CTLT's trustee could not defend the beneficiaries in the foreclosure proceedings, she would be prejudiced if the property was foreclosed without her participation in the proceedings.

¶ 6        The court denied appellant's motion for leave to intervene and to stay possession and judicial sale. Additionally, the court denied, as moot, appellant's motion to vacate the April 20, 2016, default foreclosure judgment order and the June 21, 2016, sale confirmation order. Appellant appeals.

¶ 7                                       ANALYSIS

¶ 8         Appellant raises two major contentions on appeal. She first contends that the trial court erred in denying her petition for intervention. For her second contention, she argues that the court lacked subject matter jurisdiction to enter any orders in this case. Thus, she maintains, the orders must be vacated. Because any order entered by a court that lacks subject matter jurisdiction is void (*LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27 (citing *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998))), we address appellant's jurisdictional challenge before proceeding further.

¶ 9                            SUBJECT MATTER JURISDICTION

¶ 10        Here on appeal, appellant contends that the court should have vacated its April 20, 2016, order because "it lacked subject matter jurisdiction over deceased defendants, Martha Burns and Wallace Burns." Citing *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526 (2010), she posits that a suit against a dead person is a nullity and deprives the court of jurisdiction. Because neither the decedents, nor the personal representatives of the decedents' estates, were named in the underlying foreclosure proceeding, the trial court did not have subject matter jurisdiction. As such, appellant argues, the trial court's orders are void.

¶ 11        Simply stated, appellant's argument is flawed. First, the underlying foreclosure proceeding was neither against the decedents nor the decedents' estates, but was instead against the named trustees, CTLT, unknown owners, and record claimants.[1] Thus, appellant's reliance on *ABN AMRO* is unavailing. Moreover, the personal representatives of the decedents' estates, if any, are not parties to this appeal. Any challenge to the court's jurisdiction for a lack of notice to the personal representatives rests with the personal representatives and not with appellant.

¶ 12        Further, the failure to name even an interested party in litigation would not defeat the court's subject matter jurisdiction. See *In re M.W.*, 232 Ill. 2d 408 (2009). Subject matter jurisdiction refers to the court's power to hear and to determine cases of the general class to which the proceeding in question belongs. *Id.* at 415. Subject matter jurisdiction exists as a matter of law if the matter brought before the court by the plaintiff or the petitioner is justiciable. *Id.* at 424. Generally, a justiciable matter is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relationship of parties having adverse legal interests. *Id.* With the exception of the circuit court's power to review administrative actions, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our constitution. *Id.* (citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)). For purposes of subject matter jurisdiction, courts have inherent power to hear and determine foreclosure cases. *Nationstar Mortgage, LLC v. Canale*, 2014 IL App (2d) 130676, ¶ 12. Thus, subject matter jurisdiction exists in this case as a matter of law and the trial court's orders, therefore, are not void.

¶ 13        Having determined that the trial court had subject matter jurisdiction, we turn our attention to the appellant's remaining contention on appeal regarding the trial court's disposition of her

[1]Martha and Wallace Burns were originally named as defendants in the underlying mortgage foreclosure complaint. However, after attempting service on them, Urban Partnership Bank, as plaintiff-mortgagor, filed "Suggestions of Death" for both individuals. On April 20, 2016, both individuals were dismissed from the case.

petition for intervention.

¶ 15    Appellant identifies provisions on intervention in both the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 (West 2014)) and the Code of Civil Procedure (Code) (735 ILCS 5/2-408 (West 2014)) as the statutes involved in this appeal. Citing *Argonaut Insurance Co. v. Safway Steel Products, Inc.*, 355 Ill. App. 3d 1, 7 (2004), appellant acknowledges that a decision to either grant or deny a petition to intervene rests within the sound discretion of the trial court. She additionally acknowledges that absent an abuse of that discretion, the court's decision will not be reversed. *Waters v. City of Chicago*, 95 Ill. App. 3d 919, 923 (1981). We note additionally that a trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable (*Peeples v. Village of Johnsburg*, 403 Ill. App. 3d 333, 339 (2010)) or where its ruling rests on an error of law (*CitiMortgage, Inc. v. Johnson* 2013 IL App (2d) 120719, ¶ 18). That said, appellant nevertheless maintains, without citation to authority, that because there was no evidentiary hearing on her motion to intervene, the issues presented on appeal merit our review *de novo*.

¶ 16    We disagree. We reserve *de novo* review for questions of law. See *Reserve at Woodstock, LLC v. City of Woodstock*, 2011 IL App (2d) 100676. No question of law is presented in this appeal.

¶ 17    Section 2-408 of the Code sets forth the procedures for intervention generally. 735 ILCS 5/2-408 (West 2014). Intervention in foreclosure proceedings is specifically provided for in section 15-1501 of the Foreclosure Law (735 ILCS 5/15-1501(d) (West 2014)). Similar to provisions under the Foreclosure Law, the Code provides for intervention as of right (735 ILCS 5/2-408(a) (West 2014)), as well as permissive, or in the discretion of the court (735 ILCS 5/2-408(b) (West 2014)). See 735 ILCS 5/15-1501(e)(1) (West 2014) (intervention as of right); 735 ILCS 5/15-1501(e)(2) (West 2014) (intervention in the court's discretion). Under section 2-408(f) of the Code, an intervenor, whether discretionary or as of right, is bound by orders or judgments entered by the court. 735 ILCS 5/2-408(f) (West 2014). Similarly, under the Foreclosure Law, an individual granted intervention prior to entry of an order confirming the sale is subject to all orders and judgments entered in the foreclosure. 735 ILCS 5/15-1501(e)(3) (West 2014). In *In re Application of the County Collector of Du Page County for Judgment for Delinquent Taxes for the Year 1992*, 181 Ill. 2d 237, 247-48 (1998), our supreme court held that the court's decision regarding an individual's right to intervene under the Code, whether as of right or permissively, is a matter of judicial discretion. Given the similarities between the provisions for intervention as set forth generally in the Code and those specifically under the Foreclosure Law, for purposes of consistency, we believe that the standard of review under both is abuse of discretion.

¶ 18    Appellant presents three largely undeveloped arguments in support of her challenge to the trial court's denial of her motion to intervene. We review each in turn. The following general principles of law inform our analysis and disposition.

¶ 19    As a general rule, all persons interested in the subject matter of a suit should be made parties thereto. *Hickey v. Union National Bank & Trust Co. of Joliet*, 190 Ill. App. 3d 186, 189 (1989). There is, however, an exception in the case of the foreclosure of a mortgage or trust deed. *Id.* "The rule enunciated in precedential case law does not confer joinder to land trust beneficiaries." *Id.* In an Illinois land trust, both legal and equitable title to real property rests in

the trustee, while the interest of the beneficiary of the trust is personal property. *La Salle Bank, N.I. v. First American Bank*, 316 Ill. App. 3d 515, 524 (2000) (citing *Parkway Bank & Trust Co. v. Gleich*, 213 Ill. App. 3d 444, 448-49 (1991), and *First National Bank of Barrington, Trust No. 11-1317 v. Oldenburg*, 101 Ill. App. 3d 283, 286-87 (1981)). The trustee is the absolute owner of the real estate. *Id.*

¶ 20    "The beneficiary of a land trust is not a necessary party in a foreclosure proceeding." *Hickey*, 190 Ill. App. 3d at 189; see also 735 ILCS 5/15-1501(b)(3) (West 2014). The beneficiary in a land trust may be a proper party, however, if his rights and liabilities respecting management and control, use, or possession of the property are involved and the trustee cannot fully protect his interests. *Hickey*, 189 Ill. App. 3d at 189 (citing *Marathon Finance Co. v. Pioneer Bank & Trust Co.*, 168 Ill. App. 3d 148, 152-53 (1988)). In the context of a mortgage foreclosure proceeding, the Foreclosure Law is controlling. See 735 ILCS 5/15-1501 (West 2014). The Foreclosure Law takes precedence over any inconsistent statutory provisions. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4-5 (2010).

¶ 21    Under the Foreclosure Law, "[a]ny person who has or claims an interest in real estate which is the subject of a foreclosure *** shall have an unconditional right to appear and become a party in such foreclosure." 735 ILCS 5/15-1501(d) (West 2014). Section 15-1501(e) of the Foreclosure Law sets forth the times during the foreclosure proceeding that intervention may be permitted. 735 ILCS 5/15-1501(e) (West 2014). A person seeking to intervene as of right may appear and become a party at any time prior to the entry of judgment of foreclosure. 735 ILCS 5/15-1501(e)(1) (West 2014). After the right to intervene has expired, but prior to the sale in accordance with the judgment, the court may, in its discretion, permit a person to intervene on such terms as the court deems just. See 735 ILCS 5/15-1501(e)(2) (West 2014). The Foreclosure Law also permits intervention after the sale of the mortgaged real estate, but prior to the entry of an order confirming the sale. See 735 ILCS 5/15-1501(e)(3) (West 2014). However, such intervention is limited to claiming an interest in the proceeds of the sale. Further, at this stage of the proceeding, the intervening party is subject to all orders and judgments entered in the foreclosure. *Id.*

¶ 22    Appellant first argues that intervention was necessary because the trustee appellees did not protect her interest in the land trust. She notes, without dispute, that under the terms of the trust agreement the trustee appellee was not required to pay mortgage on the property. Appellant argues that without such a duty, however, the appellee as trustees could not have adequately protected her interests. Appellee responds that appellant's motion to intervene was untimely because a nonparty is only permitted to intervene up until the time that an order confirming a judicial sale is entered. Appellant replies that had the court first considered her motion to vacate the underlying foreclosure judgment, her motion to intervene would have been properly considered and deemed timely.

¶ 23    Appellant's position appears to be grounded in the erroneous notion that the trial court lacked subject matter jurisdiction to enter any orders in the foreclosure proceedings. As we have already addressed this issue, we need not consider it further. We pause to note however that a party seeking to vacate a default judgment of foreclosure after the judicial sale of the subject property, must also seek to set aside the judicial sale. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 18. The trial court's discretion to vacate a default judgment of foreclosure is governed by the mandatory provisions of section 15-1508(b). *DLJ Mortgage Capital, Inc. v. Frederick*, 2014 IL App (1st) 123176, ¶ 15. Under the Foreclosure Law, "after

a judicial sale and a motion to confirm the sale has been filed, the court's discretion to vacate the sale is governed by the mandatory provisions of section 15-1508(b)." *McCluskey*, 2013 IL 115469, ¶ 18. Pursuant to section 15-1508(b), upon motion and notice, the court shall confirm the sale unless it finds that (1) proper notice was not given, (2) terms of the sale were unconscionable, (3) the sale was conducted fraudulently, or (4) justice was otherwise not done. *Id.*

¶ 24 In her June 23, 2016, motion to vacate the court's order of foreclosure, appellant asserted that the trustee could not protect her interests and that, therefore, she would be irreparably harmed. Additionally, she asserted that no other beneficiaries to the trust had been named in the foreclosure suit and that she was a defendant in the lawsuit. Appellant does not allege any of the bases set forth in section 15-1508(b) of the Foreclosure Law in support of her motion to vacate. In fact, appellant did not reference the Foreclosure Law with respect to this argument at all, but with seeming reliance on section 2-408(a)(2) of the Code, offered as a general proposition that appellee's representation of her interest was inadequate. Under either the Code or the Foreclosure Law, appellant presented the court with no basis upon which to vacate either its judgment order or the order confirming the sale.

¶ 25 Further, as we have previously noted, appellant's motion to intervene was not filed until after the court's order confirming the sale. The effect of that order was the termination of the foreclosure proceedings. See *id.* ¶ 24. As such, there was no proceeding into which to intervene.

¶ 26 For her second argument, appellant urges that denial of her motion to intervene permitted "appellee" to sell the property to itself at less than fair market value.[2] Again, appellant filed her motion to intervene on June 23, 2016. The court entered its order confirming the sale, two days earlier, on June 21, 2016. It was appellant's conduct, and not the trial court, that precluded intervention. The Foreclosure Law expressly provides that any person who has or claims an interest in real estate shall have an unconditional right to appear, as of right, if prior to judgment; in the court's discretion, if after judgment; or later, if prior to an order confirming the sale. 735 ILCS 5/15-1501(d), (e)(1) to (3) (West 2014). Moreover, appellant misperceives the scope of participation permitted an intervenor under the Foreclosure Law. Even had she timely filed her motion to intervene, there is nothing in the record to suggest that she either could have or would have been permitted to alter the course of the foreclosure proceedings. See 735 ILCS 5/15-1505(e)(2), (3) (West 2014). In any case, even if we could find the argument valid, not only is it speculative, but in the face of the Foreclosure Law, it is also irrelevant.

¶ 27 For her third and final argument, appellant asserts that the trial court's denial of the motion to intervene leaves as her remaining recourse the filing of a separate law suit against the trustee. Although we express no opinion on the viability of appellant's separate law suit, we acknowledge that in the interest of judicial economy, and when appropriate, intervention is favored. See *PJS Enterprises v. Klincar*, 125 Ill. App. 3d 643, 648 (1984). However, that separate litigation might occur as a result of a party's failed motion to intervene is not reason to permit it, especially here, where to do so would contravene the Foreclosure Law. In our view,

_____

[2]Although appellant identifies "appellee" as the purchasers of the property, the record reveals that the plaintiff, UPB, was the sole bidder at the sale and purchaser of the property.

- 6 -

the Foreclosure Law strikes the proper balance between the interest in judicial economy and finality of judgments in the context of mortgage foreclosures.

¶ 28 Here, the record reveals that notice of the foreclosure proceedings was given to appellees, the unknown owners, and nonrecord claimants by publication in the Chicago Daily Law Bulletin on June 24 and July 1, and 8, 2015. Although appellant was not given notice, nor was she entitled to it, she was aware of the foreclosure litigation. Yet, upon being made aware of the foreclosure action, and further, being made aware of appellee's intent not to defend against it, she filed no motion to intervene at that time. Notice of the judicial sale was subsequently posted on April 20, 2016. Yet appellant filed no notice to intervene at that time. Instead, appellant waited to file her motion to intervene two days after confirmation of the judicial sale. By then, the trustee was divested of any property rights. See 735 ILCS 5/15-1404 (West 2014); see also *McCluskey*, 2013 IL 115469, ¶ 24 (once judgment of foreclosure is entered, the procedural framework culminates in the confirmation of sale and possession of the property).

¶ 29                                                    CONCLUSION

¶ 30 Because the trial court had subject matter jurisdiction over the proceedings, the court's foreclosure judgment order was not void. Additionally, appellant, having filed her motion to intervene after the court's entry of the order confirming the sale, failed to comply with the governing provisions under the Foreclosure Law. Thus, we conclude that the trial court did not abuse its discretion in denying the motion to intervene. For all of the foregoing reasons, we affirm the trial court.

¶ 31 Affirmed.