2019 IL App (1st) 182718

FIRST DIVISION
September 16, 2019

No. 1-18-2718

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| JOE LAMARCA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 17 M1 718829 |
| | ) | |
| CHE CE CE CORPORATION d/b/a La Notte and JOHN | ) | The Honorable |
| MANCINI, | ) | Martin P. Moltz and |
| | ) | David A. Skyrd, |
| Defendants-Appellants. | ) | Judges Presiding. |

JUSTICE PIERCE delivered the judgment of the court, with opinion.
Presiding Justice Griffin and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendants Che Ce Ce Corp. d/b/a La Notte, and John Mancini (collectively, defendants)
appeal from the circuit court of Cook County's denial of their 2-1401 petition (735 ILCS 5/2-
1401 (West 2018)) to vacate a $10,000 money judgment entered in a forcible entry and detainer
action. On appeal, defendants argue that the money judgment is void because plaintiff Joe
Lamarca's forcible entry and detainer complaint did not seek a money judgment, and because
defendants were never served with an amended complaint seeking a money judgment. Plaintiff
has not filed an appellee brief, and we therefore consider this appeal solely on defendants' brief
and the record on appeal under the principles set forth in *First Capitol Mortgage Corp. v.*

*Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed."). For the reasons that follow, we reverse the circuit court's judgment denying defendants' 2-1401 petition, grant defendants' petition, and vacate the circuit court's money judgment in favor of plaintiff and against defendants.

¶ 2                                    I. BACKGROUND

¶ 3      On November 7, 2017, plaintiff filed a complaint for forcible entry and detainer against defendants for unlawfully withholding possession of a property located at 6822 Windsor Avenue, Berwyn, Illinois (subject property). Plaintiff used the Clerk of the Circuit Court of Cook County's form "Complaint For Possession Only – Forcible Detainer." See http://www.cookcountyclerkofcourt.org/Forms/pdf_files/CCMN021_SAMPLE.pdf    (last    visited September 6, 2019). Plaintiff's complaint only sought possession of the subject property; nowhere in the complaint did plaintiff indicate that he would be seeking money damages. The summons issued by the clerk of court stated that the trial date was December 5, 2017. The summons contains a line "Rent Amount Claimed: $_____," which plaintiff left blank. Defendants were served with the summons and forcible complaint, but did not file an appearance, file an answer, or otherwise plead. On December 5, 2017, the circuit court entered an order granting plaintiff possession of the subject property.[1] The circuit court's order also entered a $10,000 judgment "and costs" in favor of plaintiff and against defendants.[2]

---

[1]Redacted versions of the complaint, summons, and judgment order are appended to this opinion. *Infra* ¶ 20.

[2]Plaintiff was free to pursue a claim for unpaid rent against defendants under the Forcible Entry and Detainer Act (735 ILCS 9-106 (West 2016)). Due to the absence of an amended complaint or any

¶ 4    On October 3, 2018, defendants filed a 2-1401 petition. Defendants acknowledged that they had not filed an appearance or answer in response to plaintiff's complaint because "neither party was opposed to the entry of an order of possession with respect to the [subject property]." Defendants argued, however, that the money judgment was void pursuant to Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) because plaintiff's complaint only sought an order of possession and did not seek any money damages. Defendants' petition was supported by Mancini's affidavit. Mancini averred that he was served with a summons and complaint. He contacted his attorney, who advised him that the only relief sought in the complaint was for possession of the subject property and that no monetary relief was requested. Mancini therefore directed his attorney not to take any action because he was not opposed to the entry of an order of possession. He further averred that "at no time did I receive and [*sic*] Amended Complaint or a Notice that a monetary judgment was sought against CHE CE CE Corporation or me personally in connection with the above-captioned case."

¶ 5    Plaintiff responded to defendants' petition. Plaintiff asserted that on December 5, 2017, plaintiff appeared before the circuit court "and orally moved to amend the complaint to included [*sic*] money damages against the guarantor and the Corporation. The court granted the motion and entered an order for possession and money judgment against both defendants." Plaintiff argued that defendants failed to establish due diligence in filing their petition, and that the petition failed to set forth a meritorious defense to plaintiff's complaint. Defendants replied that they did not need to establish due diligence or a meritorious defense because the money judgment was void due to plaintiff's failure to serve an amended complaint pursuant to Rule 105 upon seeking new or additional relief.

report of proceedings before the circuit court, we do not know whether the $10,000 judgment was for unpaid rent.

3

¶ 6    On December 27, 2018, the circuit court entered a handwritten order denying defendants' petition. The circuit court's order states, in full, "Defendant's 2-1401 motion is denied based on *People v. Bailey*." The circuit court's reference to "*People v. Bailey*" was not accompanied by any specific citation. There is no indication in the record that the circuit court heard oral argument on defendants' petition, and the circuit court's order does not state that defendants' petition was denied for the reasons stated in open court. Defendants filed their notice of appeal from the circuit court's order on December 27, 2018.

¶ 7                                    II. ANALYSIS

¶ 8    On appeal, defendants argue that the circuit court erred by denying their 2-1401 petition because the $10,000 money judgment is void pursuant to Rule 105. We agree that the circuit court's money judgment is void for lack of personal jurisdiction because plaintiff failed to serve defendants with notice that it amended its complaint to seek new or additional relief in the form of a money judgment.

¶ 9    Section 2-1401 of the Code allows a party to file a petition in the circuit court seeking relief from a final order or judgment more than 30 days after the entry of that order or judgment, provided that the petition is filed within two years of the complained of order or judgment. 735 ILCS 5/2-1401(a), (c) (West 2018). A section 2-1401 petition must be filed in the original case and constitutes a new proceeding rather than a continuation of the underlying proceedings that culminated in a final judgment. *Id.* § 2-1401(b). A section 2-1401 petition may assert either a purely legal challenge to a final judgment or raise a fact-dependent challenge to the judgment. *Warren County Soil & Conservation District v. Walters*, 2015 IL 117783, ¶ 31. In order to obtain relief pursuant to section 2-1401 of the Code, the petition must set forth specific factual allegations supporting three elements: (1) the existence of a meritorious defense or claim; (2) due

4

diligence in presenting the defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Id.* ¶ 51; *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)). However, when a section 2-1401 petitioner seeks to vacate a void judgment, they raise a purely legal issue and do not need to establish a meritorious defense or satisfy due diligence requirements. *Id.* ¶ 48 (citing *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002)). Where a section 2-1401 petition raises a purely legal challenge to a judgment, our review is *de novo. Id.* ¶ 47.

¶ 10    Here, defendants' 2-1401 petition advised the circuit court that they did not appear in response to the summons and forcible complaint because they had no objection to plaintiff receiving the only relief that he sought: possession of the subject property. "One has a right to assume that the relief granted on default will not exceed or substantially differ from that described in the complaint, and he may safely allow a default to be taken in reliance upon this assumption." *Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.*, 76 Ill. App. 2d 334, 345 (1966).

¶ 11    However, where a plaintiff seeks new or additional relief beyond what was pleaded in its complaint, the plaintiff must comply with Rule 105 and section 2-604 of the Code of Civil Procedure (Code) (735 ILCS 5/2-604 (West 2018)). Supreme Court Rule 105 "was designed to prevent a litigant from obtaining new or additional relief without giving the defaulted party a renewed opportunity to appear and defend." *Cook v. Burnette*, 341 Ill. App. 3d 652, 663 (2003). Supreme Court Rule 105(a) provides

> "If new or additional relief, whether by amendment, counterclaim, or otherwise, is sought against a party not entitled to notice under Rule 104, notice shall be given him as herein provided. The notice shall be captioned with the case name and

5

number and shall be directed to the party. It shall state that a pleading seeking new or additional relief against him has been filed and that a judgment by default may be taken against him for the new or additional relief unless he files an answer or otherwise files an appearance in the office of the clerk of the court within 30 days after service, receipt by certified or registered mail, or the first publication of the notice, as the case may be, exclusive of the day of service, receipt or first publication. Except in case of publication, a copy of the new or amended pleading shall be attached to the notice, unless excused by the court for good cause shown on *ex parte* application." Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989).

Rule 105(b) sets forth three methods of service: in the same manner as personal service of summons and complaint, by certified or registered mail, or by publication. *Id.* § 105(b).

¶ 12 Section 2-604 of the Code provides, in relevant part,

"Prayer for relief. Every count in every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled[.] *** Except in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise. In case of default, if relief is sought, whether by amendment, counterclaim, or otherwise, beyond that prayed in the pleading to which the party is in default, notice shall be given the defaulted party as provided by rule." 735 ILCS 5/2-604 (West 2018).

¶ 13 We find that the circuit court's entry of a $10,000 money judgment and costs in favor of plaintiff is void due to plaintiff's failure to comply with Rule 105. Our supreme court has held

that "whether a judgment is void or voidable presents a question of jurisdiction." *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27 (citing *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998)). A judgment is void if the circuit court lacked jurisdiction over the subject matter or over the parties. *Mitchell*, 181 Ill. 2d at 174. "A voidable judgment, on the other hand, is an erroneous judgment entered by a court that possesses jurisdiction." *LVNV Funding*, 2015 IL 116129, ¶ 27. We have previously held that a party's failure to comply with Rule 105 renders void any relief obtained that exceeds what was requested in the complaint. See *Cook*, 341 Ill. App. 3d at 663 ("in cases of default, a court that grants an award in excess of the *ad damnum* without prior notice to the defendant exceeds its authority, and that portion of the decree in excess of the *ad damnum* is void."); see also *Dils v. City of Chicago*, 62 Ill. App. 3d 474, 482 (1978) ("cases have uniformly held that in cases of default the trial court in granting an award in excess of the [*a*]*d damnum* exceeds its authority and that that portion of the decree in excess of the [*a*]*d damnum* is void.").

¶ 14 Defendants do not dispute that the circuit court had subject-matter jurisdiction over plaintiff's claim for possession of the subject property, and any such assertion would fail. The Illinois Constitution provides that "Circuit Courts shall have original jurisdiction of all justiciable matters" except for two exceptions not present here. Ill. Const. 1970, art. VI, § 9. Subject-matter jurisdiction refers to the circuit court's "power to hear and to determine cases of the general class to which the proceeding in question belongs." *Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086, ¶ 12. "Generally, a justiciable matter is a controversy appropriate for review by the [circuit] court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relationship of parties having adverse legal

7

interests." *Id.* Here, there is no question that the circuit court has the power to hear disputes between landlords and tenants over possession of a property.

¶ 15    Defendants' contention that the circuit court's money judgment is void due to plaintiff's failure to serve notice of an amended pleading seeking new or additional relief, however, is properly understood as a challenge to the circuit court's personal jurisdiction over defendants. "A judgment rendered without service of process, either by summons or by publication and mailing, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). Rule 105 provides the method by which an amended pleading must be served against a party in default. *Eckel v. Bynum*, 204 Ill. App. 3d 867, 875 (1992).

¶ 16    Here, plaintiff's failure to serve an amended pleading seeking new or additional relief against defendants deprived the circuit court of personal jurisdiction over the defendants for any new or additional relief that was not sought in the initial complaint. Plaintiff's initial complaint only sought possession of the subject property; nowhere in his complaint did he seek a money judgment against defendants. The summons served on defendants did not indicate that plaintiff was seeking any money damages. And there can be no dispute that on December 5, 2017, defendants were in default: they did not file an appearance, file an answer, or otherwise plead to plaintiff's complaint, and there is nothing in the record to suggest that they appeared before the circuit court for trial on December 5, 2017. Finally, there is nothing in the record to suggest that plaintiff gave defendants any notice that he would be seeking any relief beyond possession of the property, the only relief that was sought in his complaint. When plaintiff made an oral motion to amend his complaint to seek additional relief against defendants in the form of a money

judgment, plaintiff was required to serve defendants with notice of the amendment. 735 ILCS 5/2-604 (West 2018); Ill. S. Ct. R. 105. Because plaintiff failed to serve the defaulted defendants with notice of a pleading seeking new or additional relief, the circuit court lacked personal jurisdiction over defendants, and thus could not enter a valid money judgment against them.

¶ 17                                   III. CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court of Cook County denying defendants' section 2-1401 petition is reversed. Pursuant to Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we grant defendants' 2-1401 petition, and vacate the portion of circuit court's December 5, 2017, order entering a $10,000 judgment and costs in favor of plaintiff and against defendants.

¶ 19    Reversed; judgment entered for defendants.

¶ 20                              IV. APPENDIX



| | | |
|---|---|---|
| 2120 - Served | 2220 - Not Served | 2620 - Sec. of State |
| 2121 - Alias Served | 2221 - Alias Not Served | 2621 - Alias Sec. of State |

(2/09/10) CCM N081

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT, FIRST DISTRICT

Joe LaMarca

**Plaintiff(s)**

v.

Cha Ca Ca Corporation dba La Notis Cafe, John M. Manzoni & all unknown occupants · 6822 Windsor Ave , Berwyn, IL 60402

**Defendant(s)**

Case No. 17M1 718829

Rent Amount Claimed: $ _____ + costs/rent thru trial

* Trial Date: 12/5/17  Time: 9am

Court Location: 50 W. Washington, Chicago, IL 60602

Please serve as follows: ☐ Certified Mail ___ Sheriff Service ☑ Alias (Plaintiff check one)

### SUMMONS FOR TRIAL
### BEFORE YOU GO TO COURT, YOU MUST PAY YOUR APPEARANCE FEE.

You are hereby SUMMONED to Court, however, you must file your appearance and pay the required fee with the Clerk of the Circuit Court's Office at the court location on this form, on or before the date and before the time of the trial. IF YOU DO NOT FILE AN APPEARANCE and contest the claim, a JUDGMENT BY DEFAULT may be entered for the relief requested in the complaint, ordering that you be evicted. If judgment is entered against you, the SHERIFF may evict you. A money judgment may also be entered against you if requested in the complaint.

The Plaintiff(s), named above, has/have filed a complaint in this Court to have you evicted. A true and correct copy of the complaint is attached.

THEREFORE, you, the Defendant(s), after you have filed an appearance, are hereby summoned to appear in person before this Court on* 12/5 , 2017 at 9am (a.m.)(p.m.) in Courtroom 1406

at 50 W. Washington, Chicago, IL 60602 , at which time and place a
(Court location)

TRIAL will be held on the complaint. (See top of this form if blanks not filled in.)

*Not less than 7 days nor more than 40 days after issuance of summons.

### INSTRUCTIONS TO SHERIFF

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than seven (7) days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

Atty. No.: 38522

Name: Marvin Husby, III, Esq.

Atty. for: Plaintiff

Address: ████████

City/State/Zip: Chicago, IL 60614

Telephone: ████████

WITNESS _____

DOROTHY BROWN, Clerk of Court NOV 21 2017

DATE OF SERVICE _____
(To be inserted by officer on copy left with Defendant or other person)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

This form replaces CCMD-81, & 81 A, CCM1-81 & 81A

(OVER)

ORIGINAL - COURT FILE

C 26

11

