2020 IL App (1st) 191934-U
Order filed: September 30, 2020

FIRST DISTRICT
FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR POPULAR ABS, INC. SERIES 2007-A, | ) ) ) | Appeal from the Circuit Court of Cook County |
| | ) | |
| Plaintiff-Appellee, | ) | No. 12 CH 20593 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREA BILLUPS, | ) | Honorable |
| | ) | Freddrenna M. Lyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirmed the amended foreclosure judgment and the order confirming the sale. We held that the circuit court possessed subject matter jurisdiction over the foreclosure proceedings and that it did not err in amending the foreclosure judgment to include the correct PINs for the property to be sold.

¶ 2     Defendant, Andrea Billups, entered into a home mortgage loan with Mortgage Electronic Registration Systems, Inc. (MERS), which assigned the loan to Deutsche Bank National Trust Company, as Trustee for Popular ABS, Inc., Series 2007-A (Trustee). The Trustee subsequently initiated a foreclosure action in the circuit court of Cook County. The circuit court granted

summary judgment for the Trustee and entered an amended judgment of foreclosure and sale. After the judicial sale, the court entered an order approving the report of sale and distribution, confirming the sale, and directing the Sheriff of Cook County to evict defendant. On appeal, defendant contends: (1) the court lacked subject matter jurisdiction to enter the amended judgment of foreclosure and sale; (2) the court erred by allowing the Trustee to proceed with foreclosure and sale without being the holder in due course of the original promissory note; (3) the court erred by amending the foreclosure judgment to allow the Trustee to add a parcel identification number (PIN) describing the property; (4) the court erred by confirming the sale; and (5) the court erred by failing to recuse itself. We affirm.[1]

¶ 3        On March 8, 2007, defendant executed a note in the amount of $281,790 in favor of Equity One, Inc. secured by a mortgage on the property located at 4136 Lakeview Drive in Country Club Hills. The named mortgagee was MERS as nominee for Equity One and its successors and assigns. The mortgage contained the following legal description of the property:

> "Lot 19 in Hawthorn on the Lakes, being a subdivision of part of *the Northeast ¼ and the Southeast ¼* of Section 34, Township 36 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois. Commonly known as: 4136 Lakeview Drive, Country Club Hills, IL 60478. *** Tax Map or Parcel  ID No.: 28-34-428-017 (PIN 17), Tax Map or Parcel ID No.: 28-34-201-029 (PIN 29)." (Emphasis added.)

¶ 4        The Cook County Tax Map Department provided the following legal description for PIN 17:

---

[1] In accordance with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

"That part of Lot 19 in the *Southeast ¼* of Section 34 in Hawthorn in the Hills, being a subdivision of part of the East ¼ of Section 34 Township 36 North, Range 13 East of the Third Principal Meridian, in Cook County, Illinois." (Emphasis added.)

¶ 5     The Tax Map Department provided the following legal description for PIN 29:

"That part of Lot 19 in the *Northeast ¼* of Section 34 in Hawthorn in the Hills, being a subdivision of part of the East ½ of Section 34 Township 36 North, Range 13 East of the Third Principal Meridian, in Cook County, Illinois." (Emphasis added.)

¶ 6     The Cook County Assessor's Office website shows that PIN 17 identifies the two-story house located at 4136 Lakeview Drive. Pin 29 identifies the "vacant land under common ownership with [the] adjacent residence." See https://www.cookcountyassessor.com.

¶ 7     Equity One specially endorsed the note to the Trustee. On August 17, 2011, MERS assigned the mortgage to the Trustee. The assignment of mortgage contained the same legal description as that contained in the mortgage ("Lot 19 in Hawthorn on the Lakes, being a subdivision of part of the Northeast ¼ and the Southeast ¼ of Section 34, Township 36 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois"), except that the only Tax Parcel No. expressly listed was PIN 29 (and *not* also PIN 17). The assignment was recorded with the Cook County Recorder of Deeds on August 26, 2011.

¶ 8     Meanwhile, defendant filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 727 (1990)) on April 26, 2011. On September 12, 2011, the federal bankruptcy court granted defendant a discharge. Litton Loan Servicing, L.P., which represented Equity One, filed a motion for relief from the automatic stay. On September 22, 2011, the bankruptcy court granted the motion, stating:

"Pursuant to 11 U.S.C. § 362(d), that Movant, its principals, agents, successors and/or assigns is granted relief from the automatic stay provisions of 11 U.S.C. § 362(a) by modifying said stay to permit them to pursue their state court remedies as to the property commonly known as 4136 Lakeview Drive, Country Club Hills, IL 60478."

¶ 9    On September 23, 2011, the bankruptcy case was closed.

¶ 10    On June 4, 2012, the Trustee filed a complaint in the circuit court to foreclose the mortgage and attached a copy of the note, mortgage, and assignment of mortgage. The complaint contained the same legal description as that contained in the mortgage and the assignment of mortgage, except that the only Tax Parcel No. expressly listed was PIN 17 (and *not* also PIN 29).

¶ 11    Defendant filed affirmative defenses challenging the Trustee's standing to foreclose, which the court dismissed.

¶ 12    The Trustee filed an amended motion for summary judgment on June 13, 2018, asserting that defendant was in default on the mortgage loan, and that the amount due and owing was $410,685.22. Defendant filed a "motion to recuse," arguing that the circuit court should recuse itself because it had been "unnecessarily harsh" to her.

¶ 13    The circuit court denied defendant's motion to recuse, granted the Trustee's amended motion for summary judgment, and entered a judgment for foreclosure and sale on November 13, 2018. As originally drafted, the judgment contained a legal description of the property identical to the mortgage and to the assignment of mortgage and listed the Tax Parcel Nos. as *both* PIN 17 and PIN 29. At a hearing, defendant objected to the inclusion of PIN 17 in the listing of Tax Parcel Nos. in the judgment for foreclosure and sale, arguing that the assignment of mortgage only assigned the Trustee the mortgage to the property identified in PIN 29. In response to defendant's argument, the court struck the reference to PIN 17 in the listing of Tax Parcel Nos. in the judgment

order. The court expressly informed defendant, though, that the Trustee would be allowed to later return to clarify whether it was also assigned the mortgage to the property identified in PIN 17.

¶ 14     The Trustee subsequently filed a motion in the circuit court asking it to amend the judgment for foreclosure and sale to include PIN 17 as well as PIN 29 in the list of Tax Parcel Nos. associated with the property being foreclosed and sold. The Trustee argued that the legal description contained in the complaint, mortgage, and assignment of mortgage showed with reasonable certainty that the parties intended to convey the property associated with *both* PIN 17 and PIN 29. See 735 ILCS 5/15-1504(a)(3)(I)(West 2018) (requiring the foreclosure complaint to contain "the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty"). On March 8, 2019, the circuit court entered an order granting the motion and amended the foreclosure judgment to include PIN 17 in the listing of Tax Parcel Nos.

¶ 15     Following the entry of the amended foreclosure judgment, defendant filed a motion arguing that the March 8, 2019, order should be declared void because the circuit court lacked subject matter jurisdiction to amend the foreclosure judgment to include PIN 17 in the listing of Tax Parcel Nos. associated with the property being foreclosed and sold. The circuit court denied defendant's motion.

¶ 16     The property was sold at a judicial sale on September 3, 2019. The Trustee moved to confirm the sale. Defendant filed a motion to vacate the sale, arguing that the court should recuse itself because it had obtained a loan modification on its personal residence which somehow created a conflict of interest precluding the court from adjudicating defendant's foreclosure case. At a hearing on the respective motions on October 7, 2019, the circuit court noted that it had never obtained a loan modification on its personal residence and that even if it had, such a loan

modification would not indicate any bias toward defendant. The court entered an order approving the report of sale and distribution, confirming the sale, and directing the Sheriff to evict defendant. Defendant appeals.

¶ 17    Defendant makes several arguments for reversal, all of which are forfeited as they are undeveloped and without citation to pertinent authority or to the record on appeal as required by Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018). Defendant also failed to include a jurisdictional statement as required by Rule 341(h)(4). *Id.* Although defendant is proceeding *pro se*, she is still required to comply with Rule 341. *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297-98 (2010).

¶ 18    Choosing to address the issues on the merits, though, we affirm the circuit court for the following reasons.

¶ 19    First, defendant argues that the circuit court lacked subject matter jurisdiction to enter the amended foreclosure judgment with respect to the residence located at 4136 Lakeview Drive and to confirm the sale and direct the Sheriff to evict her, as the Trustee was only assigned the mortgage to the property associated with PIN 29 (the land adjacent to the residence) and was not assigned the mortgage to the property associated with PIN 17 (the residence). The issue of whether subject matter jurisdiction exists is a question of law that we review *de novo. Alston*, 397 Ill. App. 3d at 297-98.

¶ 20    Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceeding in question belongs. *Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086, ¶ 12. Subject matter jurisdiction exists as a matter of law when the matter brought before the court is justiciable. *Id.* A justiciable matter is a controversy appropriate for review by the court as it is definite and concrete, instead of

hypothetical or moot, and touches on the legal relationship of parties having adverse legal interests. *Id.* For purposes of subject matter jurisdiction, courts have the inherent power to hear and decide foreclosure cases. *Id.* Thus, the circuit court's subject matter jurisdiction was established here when the Trustee filed its foreclosure complaint.

¶ 21    Defendant contends, though, that the circuit court lacked subject matter jurisdiction because the Trustee's complaint was legally deficient at the time it was filed as the Trustee purportedly did not hold the mortgage to the residence located on the property associated with PIN 17. We disagree. *Beal Bank v. Barrie*, 2015 IL App (1st) 133898, is dispositive. In *Barrie*, the defendant argued that the court lacked subject matter jurisdiction because the complaint filed by the purported mortgagee was legally deficient in that it did not hold the mortgage. *Id.* ¶ 21. We rejected the argument, citing the following statement by our supreme court:

> "[E]ven a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction, as '[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings.'[Citation.] In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *Id.* ¶ 20 (quoting *In re Luis R.*, 239 Ill. 2d 295, 301 (2010)).

¶ 22    Based upon *Luis R.*, we held that the alleged legal deficiency in the purported mortgagee's complaint was not enough to divest the court of subject matter jurisdiction. *Id.* ¶ 21. The same holding applies here and therefore we reject defendant's claim that the circuit court lacked subject matter jurisdiction over the foreclosure proceedings.

¶ 23    Next, defendant argues that the court erred in dismissing her affirmative defenses alleging that the Trustee lacked standing because it failed to produce the original note showing that it was

the holder in due course. The issue of standing presents a question of law that is reviewed *de novo*. *Guns Save Life, Inc. v. Raoul*, 2019 IL App (4th) 190334, ¶ 16.

¶ 24     Defendant's claim fails as we have held that a plaintiff is not required to produce the original note or any specific documentation demonstrating that it owns the note or the right to foreclose on the mortgage, other than the copy of the mortgage and note attached to the complaint. *Id.* ¶ 26. The Trustee here pleaded that it was the mortgagee and legal holder of the indebtedness and produced a copy of the mortgage and the note specially indorsed (transferred) to it by Equity One, thereby establishing the Trustee's standing. See 810 ILCS 5/3-203 (West 2018) ("Transfer of an interest *** vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course"); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010) (standing was established where MERS pled that it was the mortgagee and legal holder of indebtedness and attached a copy of the note and mortgage to its complaint).

¶ 25     Further, defendant admitted that the Trustee had standing where she failed to deny in her original verified answer that the Trustee was the mortgagee and legal holder of the indebtedness. See 735 ILCS 5/2-610 (West 2018) ("Every allegation, except allegations of damages, not explicitly denied is admitted, unless the party states in his or her pleading that he or she has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge."). Although defendant stated in her amended answer that she lacked knowledge that the Trustee was the mortgagee and legal holder of the indebtedness, she failed to file an affidavit in support, thereby again admitting to the Trustee's standing to bring this foreclosure action. *Id.*

¶ 26    Next, defendant argues that the circuit court erred by amending the judgment of foreclosure to include PIN 17 as well as PIN 29 in the list of Tax Parcel Nos. associated with the property being foreclosed and sold. As discussed earlier in this order, the mortgage contained a legal description of the property as including that part of Lot 19 in both the Southeast ¼ and Northeast ¼ of Section 34 in Hawthorn in the Hills, which description coincided with the legal description of PIN 17 (the part of Lot 19 in the Southeast ¼ of Section 34) and PIN 29 (the part of Lot 19 in the Northeast ¼ of Section 34). The mortgage also *expressly* stated that it included the property identified in both PIN 17 and PIN 29. The assignment of mortgage contained the same legal description that included both the Southeast ¼ and Northeast ¼ portions of Section 34 of Lot 19 (*i.e.*, it included the property identified in both PIN 17 and PIN 29), but when listing the Tax Parcel Nos., the assignment of mortgage only listed PIN 29 and failed to list PIN 17. The Trustee filed a foreclosure complaint containing the same legal description incorporating the property identified in both PIN 17 and PIN 29, but when listing the Tax Parcel Nos., it listed only PIN 17 and failed to list PIN 29.

¶ 27    The foreclosure judgment as originally drafted contained the same legal description of the property as contained in the mortgage, assignment of mortgage, and the complaint and provided that the Tax Parcel Nos. were both PIN 17 and PIN 29. After defendant objected to the inclusion of PIN 17 in the listing of Tax Parcel Nos. in the foreclosure judgment, the court struck the reference thereto. The Trustee later filed a motion to amend the foreclosure judgment to include PIN 17 as well as PIN 29, arguing that the complaint, mortgage, and assignment of mortgage consistently described the property to be conveyed, with reasonable certainty, as including the Southeast ¼ and Northeast ¼ portions of Section 34 of Lot 19, which coincided with PIN 17 *and* with PIN 29. The Trustee contended that the complaint's failure to expressly list PIN 29, and the

assignment of mortgage's failure to expressly list PIN 17, were scrivener's errors. The circuit court agreed with the Trustee that a review of the complaint, mortgage, and assignment of mortgage shows to a reasonable certainty as required by section 15-1504(a)(3)(I) of the Illinois Mortgage Foreclosure Law that the parties intended to convey both the Northeast ¼ and Southeast ¼ portions of Section 34 of Lot 19, which coincided with PIN 17 as well as PIN 29. Accordingly, the circuit court granted the motion to amend the foreclosure judgment to include PIN 17 as well as PIN 29 in the listing of the Tax Parcel Nos. We find no abuse of discretion. See *Harris v. Schilling*, 108 Ill. App. 116, 119 (1903) (the circuit court retains the discretion to amend the judgment to correct the description of the land).

¶ 28     Next, defendant contends that her Chapter 7 bankruptcy proceedings stayed the foreclosure proceedings here, and therefore that the circuit court erred by entering the amended foreclosure judgment on March 8, 2019. We disagree. The bankruptcy court lifted the stay on September 22, 2011, and expressly provided in an order entered on January 15, 2019, that all issues related to the mortgage foreclosure "shall be decided by the Circuit Court of Cook County." Accordingly, the circuit court's March 8, 2019, amended foreclosure judgment did not conflict with any orders of the bankruptcy court.

¶ 29     Next, defendant cursorily contends that the circuit court erred by confirming the judicial sale. A judicial sale shall be confirmed unless the court "finds that (i) a notice required in accordance with subsection (c) of section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done." 735 ILCS 5/15-1508(b)(West 2018). The standard of review for the circuit court's approval of a judicial sale is an abuse of discretion. *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 57.

¶ 30    Defendant does not argue that any of the section 15-1508(b) factors precluded confirmation of the judicial sale here. Accordingly, we find no abuse of discretion.

¶ 31    Finally, defendant contends that the circuit court erred by refusing to recuse itself from these bankruptcy proceedings. Illinois Supreme Court Rule 63(C)(1)(a) (eff. Feb. 2, 2017) states that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where *** the judge has a personal bias or prejudice concerning a party." When reviewing a trial judge's recusal decision, we employ an abuse of discretion standard of review. *Barth v. State Firm Fire and Casualty Co.*, 228 Ill. 2d 163, 175 (2008).

¶ 32    Defendant here has failed to show that the circuit court's impartiality might reasonably be questioned, and accordingly we find no abuse of discretion in its decision not to recuse itself.

¶ 33    For the foregoing reasons, we affirm the circuit court.

¶ 34    Affirmed.